Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN KATZAKIAN, | Case No. 1:10-CV-00716-AWI-GSA |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| CHECK RESOLUTION SERVICE, INC., a corporation; and JIMMY CHEBAT, an individual, | |
| Defendant. | |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.      Plaintiff, Susan Katzakian ("Plaintiff"), is a natural person residing in Fresno county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4.      At all relevant times herein, Defendant, Check Resolution Service, Inc., ("Defendant CRS") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

5.      At all relevant times herein, Defendant, Jimmy Chebat ("Defendant Chebat") was owner of Defendant CRS.   As an officer, shareholder and/or director of Defendant CRS, Defendant Chebat was responsible for the overall success of the company. Defendant Chebat is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he materially participated in collecting debt by occupying a position of critical

importance to Defendant CRS' business; as the owner of Defendant CRS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant CRS' affairs and Defendant Chebat continued to play a key role in maintaining and expanding Defendant CRS' debt collection activities throughout the time in question.

## IV.  FACTUAL ALLEGATIONS

5.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant CRS contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.    On or about March 31, 2010, Plaintiff received a call from Greg Stack, an employee of Defendant CRS.  Mr. Stack called Plaintiff a derogatory name and advised Plaintiff Defendant CRS was going to take her to court over an alleged debt which Plaintiff had previously paid in May of 2009.  Mr. Stack threatened Plaintiff's home and her employment.

7.    Mr. Stack also left a message for Plaintiff stating that he was giving her a courtesy call prior to serving her with some paperwork.  He stated he was giving her an opportunity to end this voluntarily by contacting him with her

pending case number, but that if she didn't it would result in the immediate service of a summons.

8.     Plaintiff hired counsel as a result of the threats from Defendant. Plaintiff's counsel sent a letter of representation to Defendant dated April 2, 2010, however Defendant CRS called Plaintiff directly on April 20, 2010 at 11:21 a.m.

9.     Defendant CRS' conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

c) In connection with collection of a debt, using or threatening to use violence or other criminal means to harm the physical person, reputation, or property of Plaintiff (§1692d(1));

d) In connection with collection of a debt, using obscene or profane language directed at Plaintiff (§1692d(2));

e) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

f)   Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken(§1692e(5));

g)   Using obscene or profane language in a conversation with Plaintiff (Cal Civ Code §1788.11(a));

h)   Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §1788.11(b));

i)   Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

j)   Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt, including, but not limited to, attempting to collect a debt that had been paid off by Plaintiff a year before (§ 1692f(1));

k)   Collecting an amount from Plaintiff that is not permitted by law, including, but not limited to, attempting to collect a debt that had been paid off by Plaintiff a year before (§1692f(1)); and

l)   Contacting a third party after learning that Plaintiff is being represented by counsel with regard to the subject debt, where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel (§1692b(6) & §1692c(b));

10.   Defendant Chebat as owner of Defendant CRS is directly responsible for Defendant CRS' violations.

11.   As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant CRS and Defendant Chebat are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12.   Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant CRS and Defendant Chebat for the following:

A.   Declaratory judgment that Defendant CRS and Defendant Chebat's conduct violated the FDCPA;
B.   Actual damages;
C.   Statutory damages;
D.   Costs and reasonable attorney's fees; and,
E.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13.   Plaintiff reincorporates by reference all of the preceding paragraphs.

14.   To the extent that Defendant CRS' and Defendant Chebat's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant CRS and Defendant Chebat for the following:

    A.    Declaratory judgment that Defendant CRS and Defendant Chebat's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 19th day of August, 2010.

By: s/Todd M. Friedman
    **Todd M. Friedman (216752)**
    **Law Offices of Todd M. Friedman, P.C.**
    **369 S. Doheny Dr. #415**
    **Beverly Hills, CA 90211**
    **Phone: 877 206-4741**
    **Fax: 866 633-0228**
    **tfriedman@attorneysforconsumers.com**
    **Attorney for Plaintiff**