# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN KATZAKIAN,<br><br>    Plaintiff,<br><br>v.<br><br>CHECK RESOLUTION SERVICE, INC.,<br><br>    Defendant. | 1:10-cv-00716 AWI GSA<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE<br><br>ORDER VACATING HEARING ON MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 15) |

### I.  Introduction

On October 28, 2010, Plaintiff filed a Motion for Default Judgment. (Docs. 15-17). The matter was scheduled for hearing on December 17, 2010. Defendant did not oppose the motion. Upon a review of the pleadings, Plaintiff's Motion for Default Judgment is DENIED WITHOUT PREJUDICE and the hearing scheduled for December 17, 2010 at 9:30 am is VACATED.[1]

### II.  Procedural History

Plaintiff filed a complaint alleging violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. against Defendant Check Resolution Service, Inc. (Doc. 1). On

---

[1] Because the hearing scheduled for December 17, 2010 is vacated, Plaintiff's request to appear telephonically for the hearing is denied as moot. (Doc. 19).

1

1  May 23, 2010, Plaintiff filed proof of service that the complaint was served on Kim Slatery, the
2  Managing Agent of Check Resolution Service Inc., on May 11, 2010.  (Doc. 6).
3      On August 4, 2010, Plaintiff's counsel filed an application for entry of default because
4  Defendant Check Resolution Service Inc. had not timely answered the complaint.  (Doc. 9). The
5  application for default requested judgment in the amount of $6,010.00 which included an award
6  for statutory damages, attorney's fees and costs. *Id.*  Default was entered against Check
7  Resolution Service, Inc., on August 4, 2010 by the Clerk of the Court.  (Doc. 10).  However,
8  Plaintiff was advised that the request for entry of default judgment from the Clerk of the Court
9  was denied because the requested amount was not a sum certain. *Fed. R. Civ. P. 55(b)(1)* and
10 *Fed. R. Civ. P. 55(b)(2)*. (Doc. 11).
11     On August 19, 2010, Plaintiff filed a First Amended Complaint ("FAC") which named
12 Check Resolution Service, Inc. and Jimmy Chebat as Defendants in this case.  (Doc. 12).
13 Plaintiff has filed a Motion for Default Judgment on the basis that these two Defendants have not
14 appeared in this action and the Clerk of the Court has entered default against them.  (Doc. 15).  In
15 a declaration attached to the motion, Plaintiff's counsel, Todd Friedman, explains that Check
16 Resolution Service Inc., has moved to a new address and has not updated its address with the
17 New York Department of State.  Declaration of Todd Friedman dated October 28, 2010 at pg. 2.
18 (Doc 17). Attached to the declaration is an unexecuted proof of service dated May 5, 2010
19 indicating that Check Resolution Service Inc., had either closed and abandoned the business
20 located in Kenmore, New York, and no new location could be found.
21     The Court has reviewed Plaintiff's Motion for Default Judgment and DENIES the motion
22 WITHOUT PREJUDICE for the reasons set forth below.
23 **III.   Discussion**
24     "[A] court must first "assess the adequacy of the service of process on the party against
25 whom default judgment is requested." *Bricklayers and Allied Craftworkers Local Union No. 3 v.*
26 *Palomino,* WL 2219595 at * 2  (N.D. Cal. June 2, 2010) (citations omitted)*.*  "[B]efore a federal

court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, (1987), *superseded by statute on other grounds,* Futures Trading Practices Act of 1992, Pub.L. No. 102-546, § 211, 106 Stat. 3590, 3607-08 (1992); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir.1988) (stating that "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly" under Fed. R. Civ .P. 4, requiring service of summons and complaint).  Where the party seeking default judgment has not shown that the defendant has been provided with adequate notice of an action, "it is inappropriate to conclude that the defendant 'has failed to plead or otherwise defend' " under Fed. R. Civ .P. 55(a). *See Downing v. Wanchek,* No. 2009 WL 256502, at *3 (E.D.Cal. Jan.30, 2009).

Here, Defendant has filed a Motion for Default Judgment based on the FAC.  However, the motion for default judgment is problematic for several reasons :

1) Plaintiff has not established that Jimmy Chebat or Check Resolution Services Inc., were ever properly served with any complaint.  The proof of service attached to Plaintiff's counsel's declaration indicates service of the initial complaint was attempted on Defendant Check Resolution Service, Inc. on  May 5, 2010. (Doc. 17).   However, the business had either moved, closed or is abandoned.  *Id.*

The Court notes that the other  proof of service of the initial complaint filed by Plaintiff for Check Resolution Service, Inc., that was effected on May 12, 2010, is also defective under Fed. R. Civ. P. 4 because there is no proof that the initial summons and complaint were mailed as required under Fed. R. Civ. P. 4(h).  The Court recognizes that Fed. R. Civ. P. 4(h) provides that service of a corporation may be effected in a the manner prescribed *in Fed. R. Civ. P. 4(e)(1).* However, Plaintiff has failed to establish proper service under either of these rules.  Furthermore, Plaintiff has not provided *any* evidence that the FAC was served on *any* of the parties.  In sum, Plaintiff has presented no legal authority under federal law or NewYork state law for the premise

3

that service of the initial complaint or the FAC was proper for either Defendant Jimmy Chebat or Check Resolution Service, Inc.;

2) Assuming Plaintiff can establish that she properly served Defendant Check Resolution Service, Inc. with the initial complaint, she needs to address the effect the filing of the FAC has on the default entered against Check Resolution Service Inc. based on the initial complaint.  In doing so, Plaintiff should be mindful of the premise that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.  "[A]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord *Forsyth, 114 F.3d at 1474*.  The Court is aware that Fed. R. Civ. P. 5(a)(2) provides that no service is required on a party who is in default for failing to appear. *Fed. R. Civ. P. 5(a)(2)*.  However, a party must be served pursuant to Rule 4 if a pleading asserts a new claim for relief against that party. *Id*.  Here, Plaintiff has not added a new claim for relief against Check Resolution Service, Inc., but the FAC includes additional allegations in support of the causes of action against this defendant. The FAC also adds Jimmy Chebat as a Defendant.  If Plaintiff intends to pursue a Motion for Default Judgment against all defendants on the FAC, she must either serve all defendants with the FAC, or provide legal authority for the premise that there should be two different complaints in this action for each of the defendants;

3) If Plaintiff is going to pursue a Motion for Default Judgment based on an amended complaint, she shall obtain an entry of default from the Office of the Clerk based on the amended pleading pursuant to Fed. R. Civ. P 55(a).  Currently, no entry of default exists based on the FAC;

4) Factors which courts should consider in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of

4

plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Plaintiff has not provided the Court with briefing regarding any of these factors. In particular, Plaintiff has not provided the Court with points and authorities establishing the merits of Plaintiff's substantive claim; and

    5) Plaintiff has requested attorney's fees from both defendants but has offered no authority for the premise that these defendants are jointly and severally liable for attorney's fees. If Plaintiff is seeking attorney's fees against all defendants, she must provide the Court with authority that attorney's fees should be awarded twice in this action.

Because of these deficiencies, Plaintiff's Motion for Default Judgment is DENIED WITHOUT PREJUDICE. Any subsequent Motion for Default Judgment must remedy the deficiencies listed above. Plaintiff is advised that this Court is not inclined to grant default judgment if there is any ambiguity whether all defendants were served with a properly pled complaint. Furthermore, any default entered must relate to the operative complaint served.

**IV.  Conclusion**

Based on the foregoing, Plaintiff's Motion for Default Judgment is DENIED WITHOUT PREJUDICE. Plaintiff shall file an amended Motion for Default Judgment remedying the deficiencies outlined above within **sixty (60)** days from the date of this order. Failure to do so will result in a recommendation that this case be dismissed. The hearing scheduled for December 17, 2010 at 9:30 am is VACATED.


IT IS SO ORDERED.

**Dated:   December 15, 2010**         /s/ **Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE